UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| SHAWN WOLOSZYN, individually and for others similarly situated, | § § § § | Docket No. _____ |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| v. | § § | CLASS/COLLECTIVE ACTION |
| PATRIOT DRILLING FLUIDS, Q'MAX SOLUTIONS, Q'MAX AMERICA, INC. | § § § § | PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |
| Defendants. | § § | |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

### I.  SUMMARY

1.  Shawn Woloszyn ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Patriot Drilling Fluids, Q'Max Solutions, and Q'Max America, Inc. ("Defendants") under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2.  Plaintiff and all similarly situated co-workers regularly worked for Defendants in excess of forty (40) hours each week as Solids Control Technicians.

3.  But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

4.  Instead of paying overtime as required by the FLSA, the Ohio Acts and PMWA, Defendants improperly classified Plaintiff and those similarly situated workers as exempt and paid them a salary with no overtime compensation.

5. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9. Plaintiff worked for Defendants in this District and Division and Defendants conduct substantial business operations in this District and Division.

## III. THE PARTIES

10. Plaintiff is an adult individual who is a resident of the State of New York.

11. Plaintiff has worked for Defendant since February 2017.

12. Plaintiff worked for Defendants as a Solids Control Technicians in Pennsylvania, Ohio and West Virginia.

13. Plaintiff's written consent to this action has been attached as Exhibit A.

14. Throughout his employment with Defendants, Plaintiffs was paid a salary with no overtime compensation and was classified as an exempt employee.

15. Plaintiff brings this action on behalf of himself and all other similarly situated workers who worked as Solids Control Technicians, were classified as exempt and paid a salary without overtime.

16. The class of similarly situated employees or putative class members sought to be

certified is defined as follows:

> **ALL CURRENT AND FORMER SOLIDS CONTROL TECHNICIANS EMPLOYED BY DEFENDANTS WHO WERE PAID A SALARY DURING THE LAST THREE (3) YEARS.** ("Putative Class Members")

17. Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA and the Ohio Wage Acts.

18. Defendant **Patriot Drilling Fluids**, is a Colorado and Pennsylvania corporation doing business throughout the United States, including Ohio and Pennsylvania. Patriot may be served at its Corporate Headquarters, 5600 S. Quebec St., Ste. 205D, Greenwood Village, CO 80111.

19. Defendants **Q'Max Solutions Q'Max America, Inc.** are Delaware corporations, registered to conduct business throughout the United States, including Ohio and Pennsylvania. These Defendants may be served by serving their registered agents, Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pa.17110.

### IV.   COVERAGE UNDER THE FLSA

20. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Defendants have had and

have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

23.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**V.     FACTS**

24.     Defendants are an oil and natural gas exploration and production company operating throughout the United States, including Ohio and Pennsylvania.

25.     The proposed Putative Class Members worked for Defendants as Solids Control Technicians. Defendant paid all its Solids Control Technicians like Plaintiff a salary and no with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

26.     As Solids Control Technicians, Plaintiff and the proposed Putative Class Members spent their shifts separating drilling fluid from the solids crushed by the drill bit and carried up to the surface in the drilling fluid. These individuals removed the solids at the surface using screens, centrifuges, dryers, and shakers. The clean mud is recycled back down the hole to the drill bit and the rock, sand, and other particles that were removed from the mud are discarded to prevent damage to expensive equipment. [1]

27.     The primary job duties of the Solids Control Technicians included setting up, servicing, and operating mud cleaning equipment, including screens, centrifuges, dryers, and shakers. The Solids Control Plaintiffs worked in excess of 40 hours each week while employed by Defendants, often for weeks at time

28.     Very little skill, training, or initiative was required of Plaintiff to perform their job duties as Solids Control Technicians. Indeed, the daily and weekly activities of the Putative Class

---

[1] *See, generally,* http://en.wikipedia.org/wiki/Solids_control. A video providing a general overview of the process can be found here: https://www.youtube.com/watch?v=FaJegnJC5eQ.

4

Members were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients. Virtually every job function was pre-determined by Defendants and/or their clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

29. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

30. The Putative Class Members did not have any supervisory or management duties.

31. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

32. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

33. Defendants' policy of failing to pay their Solids Control Technicians, including Plaintiff, overtime violates the FLSA, Ohio Wage Acts, and PMWA because these workers are, for all purposes, employees performing non-exempt job duties.

## VI. FLSA Violations

34. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

35. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendants failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

36. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. PMWA VIOLATIONS

37. Plaintiff brings this claim under the PMWA as a Rule 23 class action.

38. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

39. At all relevant times, Defendants were subject to the requirements of the PMWA.

40. At all relevant times, Defendants employed Plaintiff, and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

41. The PMWA requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

42. Defendants have and had a policy and practice of misclassifying Plaintiff and each member of the Pennsylvania class as exempt and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

43. Plaintiff, and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

44. Plaintiff, and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the PMWA.

### VIII. OHIO WAGE ACT VIOLATIONS

45. Plaintiff also brings this claim under the Ohio Wage Act as a Rule 23 class action.

46. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

47. At all relevant times, Defendants were and are subject to the requirements of the Ohio Wage Act.

48. At all relevant times, Defendants employed Plaintiff, and each Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

49. The Ohio Wage Act requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff, and each member of the Ohio Wage Act Class are entitled to overtime pay under the Ohio Wage Acts.

50. Defendants had a policy and practice of misclassifying Plaintiff and each member of the Ohio Wage Act class as exempt and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

51. Plaintiff, and each member of the Ohio Wage Act Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiff, and each member of the Ohio Wage Act Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the Ohio Wage Act.

## IX.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the Putative Class Members.

54.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, Ohio Wage Acts, and PMWA.

55.     Numerous other individuals who worked with Plaintiffs indicated they were improperly classified as exempt, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

56.     Based on his experiences and tenure with Defendants, Plaintiff is aware that Defendants' illegal practices were imposed on the Putative Class Members.

57.     The Putative Class Members were all improperly classified as exempt and not paid overtime compensation when they worked in excess of forty (40) hours per week.

58.     Defendants failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

59.     Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

60.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

61.     Plaintiff has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

62.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and applicable state labor laws.

64. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

66. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendants employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA, Ohio Wage Acts, and PMWA;

   b. Whether the Putative Class Members were improperly misclassified as exempt;

   c. Whether Defendants decision to classify the Putative Class Members as exempt was made in good faith;

   d. Whether Defendants decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   e. Whether Defendants violation of the FLSA, Ohio Wage Acts, and PMWA was willful; and

   f. Whether Defendants illegal pay practices were applied uniformly across the nation to all Putative Class Members.

67. Plaintiff's claims are typical of the claims of the Putative Class Members. Plaintiff and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

68. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

69. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## X.     JURY DEMAND

70. Plaintiff demands a trial by jury.

## XI.     RELIEF SOUGHT

71. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

   d. For an Order appointing Plaintiff and their counsel as Class Counsel to represent the interests of the both the federal and state law classes;

e.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Joshua P. Geist*
Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**AND**

*/s/ Andrew W. Dunlap*
Michael A. Josephson
Texas Bar No. 24014780
*(Pending Pro Hac Vice)*
Andrew W. Dunlap
Texas Bar No. 24078444
*(Admitted Pro Hac Vice)*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
*(Pending Pro Hac Vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@bruckerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**